**Philip RASTELLI, Petitioner,**

v.

**Hon. Thomas C. PLATT, United States District Judge for the Eastern District of New York, Respondent.**

**Docket 76–3018.**

United States Court of Appeals, Second Circuit.

Submitted March 29, 1976.

Decided March 29, 1976.

Saxe, Bacon & Bolan, P. C., New York City, for petitioner.

David G. Trager, U. S. Atty., Brooklyn, N. Y., for respondent.

Before OAKES and GURFEIN, Circuit Judges, and PIERCE, District Judge.*

PER CURIAM:

A petition for a writ of mandamus has been filed together with a motion for a stay of a criminal trial scheduled to begin this day before the United States District Court for the Eastern District of New York, Thomas C. Platt, *Judge.* Petitioner was indicted on or about March 5, 1975, for alleged violations of 18 U.S.C. §§ 1951, 1961, 1962(c) and 15 U.S.C. § 1. A trial date of March 29, 1976, was ultimately set and the petition alleges that on or about March 15, 1976, petitioner advised the firm of Saxe, Bacon & Bolan, P.C., that he wished it to undertake his defense, al-

---

* Hon. Lawrence W. Pierce of the United States District Court for the Southern District of New York, sitting by designation.

though to date there has been no official substitution for prior counsel. Applications made on March 19, 1976, and again on March 24, 1976, for a one-week continuance for the purposes of new counsel being enabled to familiarize themselves with the case were denied. The denials occurred despite the fact that the Assistant United States Attorney consented to and joined in the application for a continuance.

Under *Stans v. Gagliardi*, 485 F.2d 1290 (2d Cir. 1973), we do not have the power to hear this matter either as an appeal from an interlocutory order or on the within petition for a writ of mandamus; as we said there, the alternative would result in a deluge of applications to the court of appeals "for the postponement of criminal trials, with consequent delay even though few petitions were to be granted." 485 F.2d at 1292.

At the same time, as in the case of *Stans v. Gagliardi, supra,* we can see no reason for the failure to grant the simple one week's continuance requested. The Speedy Trial Rules have important and significant purposes, to be sure. But these must be carefully weighed against a defendant's claim of need for a short delay to permit proper preparation, especially where a substitution of counsel in a case involving possible imprisonment for life is concerned. Beyond that here, evidenced strongly by the United States Attorney's consent to the request for a continuance, is the risk to the public that overruling the defendant's claim may, as we said in *Stans v. Gagliardi, supra,* 485 F.2d at 1291, "undermine a conviction obtained after many weeks of trial."

We deny the petition for mandamus under the law of this court as above stated, but we do so with the earnest request to the trial judge that he reconsider the equities, interests and policies underlying his denial of the request for a continuance.

Petition denied.