**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Philip RASTELLI et al.,
Defendants-Appellants.**

**Nos. 530, 539, 818, Dockets 76–1350,
76–1408, and 76–1410.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 17, 1977.

Decided March 18, 1977.

Mervyn Hamburg, Atty., U. S. Dept. of Justice, Washington, D. C. (David G. Trager, U. S. Atty. for the Eastern District of New York, Brooklyn, N. Y., on the brief), for plaintiff-appellee.

William Sonenshine, Brooklyn, N. Y. (Evseroff & Sonenshine, Brooklyn, N. Y., Ernest J. Peace, Mineola, N. Y., on the brief), for Petrole and De Stefano.

Roy M. Cohn, New York City (Saxe, Bacon & Bolan, New York City, John F. Lang, Ronald F. Poepplein, New York City, of counsel), for Rastelli.

Before LUMBARD, FEINBERG and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal from judgments of conviction entered after an eleven-day jury trial before the Hon. Thomas C. Platt, Jr., in the United States District Court for the Eastern District of New York. Appellants Carl Gary Petrole, Anthony De Stefano and Philip Rastelli were convicted on April 23, 1976 of one count of restraining trade in violation of the Sherman Act, 15 U.S.C. § 1, one count of conspiracy to interfere with commerce by extortion, 18 U.S.C. §§ 1951 and 2, and two counts of interfering with commerce by extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. De Stefano was also convicted on an additional count of violating 18 U.S.C. § 1951. The judgments of conviction are affirmed.

The appellants' racketeering activities were centered in the mobile lunch truck business. The industry consists of individuals who operate trucks especially designed for dispensing beverages and foods. Most of the operators' sales take place at loca-

tions, such as factories, where a large number of workers can be served during work breaks. The drivers develop their routes independently and when a particular location is considered highly desirable the driver regularly providing the service will often be faced with competition from other lunch trucks. This practice known as "bumping" may lead to a price war between the two mobile food stands. As a result, one of the competitors may relinquish his spot or both may find that they are able to share the stop. The lunch truck operators either supplied themselves or purchased their supplies from commissaries which aggressively competed for their business.

In 1966, largely through the efforts of Petrole, the Workman's Mobile Lunch Association was created and received its corporate charter from the State of New York. Petrole became its president. In its first year there were 48 members who paid an initial membership fee and weekly dues, which started at three dollars per truck, and were later increased to as much as $10. Although at association meetings there was some discussion of such matters as discount purchasing, group insurance, and discounts on charges for repairing the trucks, none of these benefits ever materialized.

Petrole, after serving as president for approximately two years, resigned and was replaced by Louis Rastelli,[1] the nephew of appellant Philip Rastelli. In 1970 De Stefano was elected secretary-treasurer of the association. Philip Rastelli has no formal relationship with the trade group. The government, however, established that he indirectly controlled the association and shared in the proceeds that were extorted from the suppliers of the lunchmen by Petrole and other association officials. The defendants were engaged in classic racketeering activities. Kickbacks, computed as a percentage of the amount of purchases made by association members, were demanded from suppliers. It was understood that failure to make these payments would result in the loss of member customers. In addition, through persuasive demonstrations of force and implicit threats of violence, appellants convinced unfavored lunch truck operators to cease bumping at lucrative stops and to surrender these profitable locations to operators protected by the appellants.

## I

The appellants argue that there was insufficient evidence to sustain their convictions on the Hobbs Act counts. In order to prove such violations the government must establish extortion.[2] The defendants' conduct in this case in intentionally creating in their victims a fear of economic loss if the victims failed to "kickback" constituted extortion. *United States v. Kramer,* 355 F.2d 891, 897 (7th Cir.), cert. granted in part and remanded for resentence, 384 U.S. 100, 86 S.Ct. 1366, 16 L.Ed.2d 396 (1966); *United States v. Postma,* 242 F.2d 488, 492 (2d Cir.), cert. denied, 354 U.S. 922, 77 S.Ct. 1380, 1 L.Ed.2d 1436 (1957). Appellants contend that they did not place the victims in fear because the relationship between the defendants and their victims was amicable. However, "fear may be present even if confrontations

---

1. The trial of Louis Rastelli, a named co-defendant in the indictment, was severed from that of the appellants by order of Judge Platt on March 29, 1976.

2. The Hobbs Act provides in relevant part that:
   (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or im-

prisoned not more than twenty years, or both.
   (b) As used in this section—

   . . . . .

   (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
18 U.S.C. § 1951.
None of the appellants contest the sufficiency of the evidence sustaining their conviction for the Sherman Act violation.

between the victim and the alleged extorter appear friendly". *United States v. DeMet,* 486 F.2d 816, 820 (7th Cir. 1973), cert. denied, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974). "The fact that relations between the victims and the extorters were often cordial is not inconsistent with extortion. Knowing that they were at the mercy of the [defendants], it is a fair inference that the victims felt that to save their businesses they had to keep the extorters satisfied." *United States v. Hyde,* 448 F.2d 815, 834 (5th Cir. 1971), cert. denied, 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972).

■ Since there was evidence to support the jury finding that fear was present and since the court's charge was clear that "the mere voluntary payment of money or delivery of property unaccompanied by any fear of economic loss would not constitute extortion" we find the argument of appellants unpersuasive. Essentially appellants are attempting to reargue the evidence, urging upon us as facts what are basically inferences favorable to the defendants but which were rejected by a properly instructed jury. It is basic that we must view the evidence in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Under this test appellants must fail. The issue is not whether the defendants actually had the power to select a caterer from whom lunch truck operators would secure their supplies but rather whether the victims were in reasonable fear that the defendants possessed such power and would use it if their demands were not met. *United States v. Emalfarb,* 484 F.2d 787, 789 (7th Cir.), cert. denied, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Varlack,* 225 F.2d 665, 668 (2d Cir. 1955). The jury could fairly infer that the victims here paid and obeyed the association out of reasonable fear of economic or physical harm. *United States v. Gill,* 490 F.2d 233, 237 (7th Cir. 1973), cert. denied, 417 U.S. 968, 94 S.Ct. 3171, 41 L.Ed.2d 1139 (1974); *United States v. DeMet, supra,* 486 F.2d at 820.

## II

■ Rastelli raises only one point that merits response. He argues that the district court's failure to grant a continuance upon a substitution of counsel representing him was an abuse of its discretion and denied him a fair trial. We find that Judge Platt's refusal was within the wide bounds of a trial judge's discretion. Thus appellant is not entitled to the relief he seeks and his conviction is affirmed.

The facts surrounding Rastelli's request for a continuance are extensively laid out in this circuit's opinion in *In re Sutter,* 543 F.2d 1030 (2d Cir. 1976) and will only be summarized here.[3] Rastelli, shortly after being indicted on March 5, 1975, retained his first counsel, John Sutter. The case was adjourned several times and on January 5, 1976, with the consent of the defense and the government, the court set March 29, 1976 as the trial date. On February 28, Sutter undertook the representation of another client in a state homicide trial that began on March 8, 1976. This state trial which lasted six weeks came into conflict with Rastelli's scheduled trial date. After being informed that counsel for Rastelli might not be ready for the March 29 trial, Judge Platt called a pre-trial conference on March 19. At this conference attended by an associate of Sutter and a representative of the law firm of Saxe, Bacon & Bolan, Judge Platt was requested to allow the substitution of the latter firm which had been retained on March 15 as counsel for

---

3. *In re Sutter,* 543 F.2d 1030 (2d Cir. 1976), was an appeal by Rastelli's original attorney from an assessment of costs imposed on him by Judge Platt pursuant to Rule 8(b) of the Individual Assignment and Calendar Rules of the United States District Court for the Eastern District of New York. That rule authorizes district judges to "assess reasonable costs di-

rectly against counsel whose action has obstructed the effective administration of the court's business." Finding that Mr. Sutter caused a three-day delay in trial, Judge Platt assessed him $1,500. Judge Platt's application of the rule in this case was affirmed. *Id.* at 1038.

Rastelli. The district court stated that it would only agree if new counsel would be prepared to begin the trial on March 29.

A second conference was held on March 24. At this conference, the government joined with the Saxe firm in seeking a one-week adjournment. This request was refused. Two days later Rastelli's new counsel sought a writ of mandamus from this court. The petition was denied on March 29 on the ground that this court lacked the power to entertain the matter. *Rastelli v. Platt,* 534 F.2d 1011 (2d Cir. 1976). This court made an "earnest request" to the trial judge to reconsider his denial of the one-week continuance. Judge Platt postponed the selection of the jury until April 1 and the examination of witnesses did not begin until April 5, the trial date counsel had requested in their mandamus petition. When asked by the trial judge and government counsel if this delay would be sufficient time for preparation, the representative for the Saxe firm stated:

> We asked for a week and we said we would come in with the week. We will go ahead with the trial as your Honor has suggested, and further than that, I am not complaining about it. I am saying we are going to do it but you keep asking me if it is adequate. You know that is a relative word, Judge, and frankly I have not been in the case except for a couple of days and there is quite a bit of preparation that has to be done. But we will come in on Thursday and select a jury and then go ahead with the trial on Monday. Since in essence the continuance that the Court of Appeals was asked to order was given by Judge Platt,[4] there is no sound basis for appellant's contention that the district court abused its discretion.

Counsel has only made generalized allegations of prejudice and has not shown any specific way in which Rastelli's defense was hampered. In the absence of any particularization of prejudice this court will not find that the denial of the continuance was an abuse of discretion. *United States v. Weathers,* 431 F.2d 1258, 1260 (3d Cir. 1970); *Joseph v. United States,* 321 F.2d 710 (9th Cir. 1963), cert. denied, 375 U.S. 977, 84 S.Ct. 497, 11 L.Ed.2d 422 (1964); 3 C. Wright, Federal Practice and Procedure § 832 (1969). Indeed the record establishes that Rastelli was represented vigorously and competently by his counsel.

Appellants have raised other points but we find them without merit. The judgments of convictions are affirmed.

---

4. In his memorandum and order of March 30 imposing a fine on Mr. Sutter, Judge Platt stated, "In the light of the Court of Appeals request and in the interests of the defendant, Philip Rastelli, this Court must grant up to a one week continuance." Slip op. at 7. Defendant Rastelli did receive the one-week continuance as we have indicated.