**Thomas HAHN, Appellee,**

v.

**Maurice McLEY; Arnold Dischler and Officer Andy Anderson, Appellants.**

**Thomas HAHN, Appellant,**

v.

**Maurice McLEY; Arnold Dischler and Officer Andy Anderson, Appellees.**

**Nos. 83–2503, 83–2531.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1984.

Decided June 29, 1984.

Thomas J. Miller, Atty. Gen. of Iowa, Gordon E. Allen, Sp. Asst. Atty. Gen., Layne M. Lindebak, Asst. Atty. Gen., Des Moines, Iowa, for appellants.

Paul Papak, Atty., Prisoner Assistance Clinic, Iowa City, Iowa, Katherine Kendall, Student Legal Intern, for appellee/cross-appellant.

LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Thomas Hahn is an inmate at the Iowa State Penitentiary. On August 6, 1979, Hahn injured his right wrist playing football on the prison grounds. On that same day, Hahn reported to the infirmary complaining of pain and swelling in his wrist. Hahn was seen by a nurse and was given a prescription for pain relievers. The wrist was x-rayed and a splint was put on it. At that time, Hahn was given a unit of Tylenol No. 3 (a compound of Tylenol and codeine).

Later that evening, Hahn complained to a prison guard about pain in his wrist and was examined by Maurice McLey, a physician's assistant, who directed that Hahn be transported to the University of Iowa Medical Center the following day. Hahn was specially transported to the Medical Center at approximately noon on August 7. While at the Medical Center, Hahn received a prescription for Tylenol and codeine to be administered four times a day as needed.

Hahn testified that over the next few days he regularly requested his medication but never received it. In a suit brought under 42 U.S.C. § 1983 (1982), the district court, the Honorable Donald O'Brien, found that the inability of Hahn to obtain his medication constituted deliberate indifference on the part of the prison officials to the serious medical needs of Hahn. The court held that this indifference constituted cruel and unusual punishment in violation

of the Eighth Amendment. The trial court found that, as a physician's assistant at the prison, McLey's "position of authority at the infirmary" allowed personal responsibility to be placed on him for Hahn's failure to receive his prescribed medication. The court also found that Arnold Dischler, who was director of nursing at the penitentiary, could not explain why Hahn had not received his prescribed medication. From this, the district court concluded that the involvement of McLey and Dischler was such that it amounted to an "official policy." Thus, the court held the two defendants liable under § 1983 and personally responsible for the deprivation of Hahn's constitutional rights.[1] On the record before us we hold that such a finding was clearly erroneous and we therefore reverse.

*Eighth Amendment Claim*

■ It is conceded that the theory of respondeat superior cannot be used under § 1983 to shift the responsibility for the plaintiff's injuries to the supervisors of the actual wrongdoers. *See Careaga v. James,* 616 F.2d 1062, 1063 (8th Cir.), *cert. denied,* 449 U.S. 851, 101 S.Ct. 140, 66 L.Ed.2d 62 (1980). However, a supervisor may be liable for the acts of a subordinate if injury is inflicted upon the plaintiff as a result of a breach of the supervisor's duty to train, supervise, or control the actions of subordinates. *See, e.g., Pearl v. Dobbs,* 649 F.2d 608, 609 (8th Cir.1981); *Sims v. Adams,* 537 F.2d 829, 832 (5th Cir.1976). In the instant case, there is no evidence that McLey and Dischler were personally involved in the alleged denial of medication to Hahn. The district court found only that "the involvement of Mr. McLey and Mr. Dischler, as officials of the Iowa State Penitentiary, amounted to an official policy that failed to provide the plaintiff with the medication he was entitled to receive."

■ The record fails to show that McLey or Dischler acted in a way that can be interpreted as creating or condoning a policy of depriving Hahn or other prisoners of medication. The evidence shows that medication was given out by an unnamed third party. While it may be true that this individual improperly denied Hahn his medication, no evidence exists to show that McLey and Dischler were aware of this denial.

Hahn argues that the defendants had access to reports which would have indicated to them that Hahn had not received his medication. Hahn contends that defendants' failure to ascertain from this information that Hahn was being denied his medication amounted to a policy of deliberate indifference to Hahn's well-being. This argument is contradicted, however, by the record. The district court found that Hahn's medication was to be given *as needed.* Thus, a logical inference exists that the absence of any notation on the reports could reasonably indicate that Hahn had not requested any medication. Whatever other inference might exist, it falls far short of the proof of "deliberate indifference to serious medical needs of prisoners" which would sustain an action under § 1983. *Cf. Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Hahn does not allege, nor does the record support a finding, that the system of dispensing medication to the prisoners at the Iowa State Penitentiary at the time of the incident was so deficient that Dischler or McLey may be guilty of failure to properly supervise or control the process. Hahn merely alleges that *he* did not receive his medication. Neither McLey nor Dischler was in charge of handing out the medication. Neither of them was aware that Hahn was being improperly denied medication. Under these facts, we conclude that the district court's finding that McLey and Dischler are personally liable for Hahn's alleged deprivations is clearly erroneous. Accordingly we reverse the judgment of the district court.

*Inmate Assistance*

■ The state raises the issue of the district court's appointment of a legal assistant from the inmate population. Although the resolution of this issue is not

---

1. Hahn does not appeal the court's judgment in    favor of defendant Andy Anderson.

necessary to the outcome of this case, we speak in our general supervisory capacity regarding proceedings in the district courts. Prior to trial, Hahn requested that a fellow inmate aid him in the preparation of Hahn's case. The inmate assistant was allowed to accompany Hahn to the trial (outside the prison area) and to serve as his trial counsel during the proceedings. While this court acknowledges that a prisoner may receive aid from another inmate in preparing a law suit, we disapprove of the judicial appointment of inmates to serve as legal representatives when that appointment would allow them to leave the prison compound and actively participate in trial.

■ The right of access to the courts is fundamental. *See Johnson v. Avery*, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969). The Supreme Court has held that this right is the right to *effective* access. *Id.* at 488–90, 89 S.Ct. at 750–51. This is true for prisoners as well as other citizens. *Cf. Smith v. Bennett*, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961).

In the area of inmate assistance, the Supreme Court has protected a prisoner's right to effective access by requiring that inmate assistants be allowed to help other prisoners in drafting petitions for habeas corpus when no other assistance is available. *Johnson v. Avery*, 393 U.S. 483, 81 S.Ct. 895, 6 L.Ed.2d 39 (1969). The Court has also stated that some inmates who otherwise may be incapacitated in providing adequate representation for themselves must be free to seek assistance from staff or other inmates when preparing for disciplinary hearings. *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S.Ct. 2963, 2981, 41 L.Ed.2d 935 (1974). However, the Court has cautioned that even the right to inmate assistance may be circumscribed by proper time and place restrictions. *Johnson v. Avery*, 393 U.S. at 490, 89 S.Ct. at 751. The appointment of inmates to assist other

prisoners at actual trials away from the penitentiary creates a serious security hazard. Additional security is required to watch the inmate both during transportation and during court proceedings. Equally important, we note that even if such cases might be tried in temporary courtrooms within the confines of the penitentiary, we feel that it is inappropriate, at least in judicial proceedings, to allow inmates other than the complainant to cross-examine or interrogate guards and prison officials. We perceive that serious problems relating to the internal management of prisons could arise from allowing prisoner interrogation of guards or other officials. We therefore hold that it is inappropriate to allow inmate assistants to serve as actual trial counsel in judicial proceedings either inside or outside the prison compound.

■ Our decision today does not offend the *Johnson v. Avery* and *Wolff v. McDonnell* safeguards on the right of access to the courts. We have recently stated that when an indigent presents a colorable civil claim to a court, the court, upon request, should order the appointment of counsel from the bar. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003 (8th Cir. 1984). This procedure should be made applicable to claims brought by prisoners. Thus, once a district court is satisfied that the prisoner has alleged a prima facie case, counsel should be appointed upon request unless the prisoner wishes to represent him or herself.[2]

*Conclusion*

We hold that the trial court's finding that defendants McLey and Dischler were personally liable for the alleged injuries to the plaintiff is clearly erroneous. We therefore vacate the judgment against the defendants.

---

2. We also note that the right to have counsel appointed is not the equivalent of the right to have the counsel of one's choice. Thus, prisoners may not refuse appointed counsel and then

request the assistance at trial of an inmate assistant. *Cf. Lepiscopo v. United States*, 469 F.2d 650 (5th Cir.1972).