758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONALD LEE WALLACE, PLAINTIFF-APPELLANT,
v.
RONALD HUBBARD, DEFENDANT-APPELLEE.
 NO. 84-3274
 United States Court of Appeals, Sixth Circuit.
 2/19/85
 ORDER
 
 1
 BEFORE: ENGEL and JONES, Circuit Judges; and SPIEGEL, District Judge.*
 
 
 2
 The plaintiff appeals the order dismissing his pro se prisoner civil rights action. He now seeks the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The plaintiff is an Ohio inmate who injured his leg in a softball game at the Lima State Hospital (LSH). The injury was treated by members of the LSH medical staff, but x-rays taken at a later date at an outside hospital revealed a fractured kneecap. Because it had partially healed by that time, further corrective treatment would entail rebreaking the kneecap and surgery.
 
 
 4
 The plaintiff filed this pro se civil rights action asserting the LSH medical staff rendered improper and/or inadequate medical treatment and delayed proper treatment. He alleged this constituted cruel and unusual punishment under the eighth amendment. See generally Estelle v. Gamble, 429 U.S. 97 (1976). He named as the sole defendant the Superintendent of LSH. Upon motion of the defendant, the action was dismissed on grounds the plaintiff failed to show any personal involvement of the defendant in the plaintiff's medical treatment. This appeal followed.
 
 
 5
 The district court properly observed that the doctrine of respondeat superior cannot be invoked under the Civil Rights Act to hold a supervisor liable for the alleged wrongdoings of subordinates. Rather, the plaintiff must show the personal involvement of each defendant in the alleged constitutional deprivation. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983). The district court did not err in finding the plaintiff did not show the personal involvement of the Superintendent in the medical treatment given the plaintiff. See Hahn v. McLey, 737 F.2d 771 (8th Cir. 1984); May v. Enomoto, F.2d 164 (9th Cir. 1980); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3rd Cir. 1976).
 
 
 6
 Upon closer examination of the plaintiff's form complaint, however, we find he was confused as to the proper parties to be named as defendants. He twice indicated (on pages 1 and 3) that the action was against LSH or its medical staff although he was required to list the Superintendent as the named defendant. Given this apparent confusion and recognizing the liberal reading to be afforded pro se prisoner complaints, Haines v. Kerner, 404 U.S. 519 (1972), we find the plaintiff should have been given an opportunity to amend his complaint to state the parties he seeks to hold liable for his alleged injuries. Cf. Duncan v. Duckworth, 644 F.2d 653 (7th Cir. 1981).
 
 
 7
 It is ORDERED that the motion for counsel be and it hereby is denied.
 
 
 8
 Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. Therefore,
 
 
 9
 It is further ORDERED that the district court's order of March 23, 1984 dismissing the plaintiff's action be and it hereby is vacated and the cause is remanded to the district court with instructions the plaintiff be afforded a reasonable time in which to amend his complaint. Rule 9(d)(4), Rules of the Sixth Circuit. Such remand is without prejudice to the right of future defendants to advance any defenses available to them or to the authority of the district court to dismiss the action for procedural or jurisdictional defects.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation