**In re Steven LANE, Petitioner.**

**No. 86–1088.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 10, 1986.

Decided Sept. 24, 1986.

Claudia J. York, Kansas City, Mo., for petitioner.

Cynthia Clark Campbell, Asst. U.S. Atty., Kansas City, Mo., for respondent.

Kelly Mescher, Jefferson City, Mo., for amicus.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Steven Lane, denied appointed counsel on four earlier occasions, brought this petition for writ of mandamus to compel the United States Magistrate to appoint counsel to assist him in prosecuting his claim under 42 U.S.C. § 1983 (1982) for injuries sustained at the Missouri State Penitentiary. Lane argues that the magistrate abused his discretion by refusing to appoint counsel after finding Lane's pleadings presented a colorable claim under section 1983, and by failing to set a trial date. We deny the petition.

Lane is currently an inmate at the Missouri State Penitentiary at Jefferson City, Missouri, and is housed in the Special Management Unit, a maximum security area of the prison. Lane brought this action under section 1983 against Dr. Lee Roy Black, Director of the Department of Corrections and Human Resources of the State of Missouri, and Bill Armontrout, Warden of the Missouri Department of Corrections, alleging that these officials violated his eighth amendment rights by failing to provide a safe and secure prison environment. Specifically, Lane alleged that on two occasions he was assaulted by a fellow inmate as a result of the willful, reckless, or negligent conduct of these defendants.

Four times Lane filed a motion requesting appointment of counsel; four times the magistrate denied the motion. In an opinion filed after Lane's second motion, the magistrate found that although Lane's pleadings presented a colorable claim, appointment of counsel would not materially aid Lane or the court in the presentation of his claims. The magistrate, relying on a Seventh Circuit decision, *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir.1982), *cert. denied*, 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983), considered a number of factors in determining whether to appoint counsel, including the indigent defendant's chance of success on the merits, the complexity of the legal issues presented and the ability of the defendant to understand and present those issues, the complexity and conflicting nature of the facts, the ability of the defendant to investigate his case, and the relative substantive value of the claims presented.

The magistrate also explicitly considered the large number of prisoner petitions filed each year and the limited pool of attorneys in central Missouri able to accept appointments. Based upon all these factors, the magistrate found that:

> The record, when viewed in light of the above standards, reveals that no fundamental unfairness will result if plaintiff is denied counsel at this time. First, plaintiff's pleadings are clear and well-organized and indicate plaintiff's understanding of his claims. Second, plaintiff has timely filed most of the Court-ordered responses and has recognized the need to request extensions of time when he is unable to respond. Third, this Court has not experienced any difficulty in discerning plaintiff's claims and court-appointed counsel is not deemed necessary for that reason at this time. Finally, plaintiff's claims are not complex and will not require extensive or complicated discovery.

*Lane v. Black*, No. 84-4112-CV-C-5, slip op. at 4 (W.D.Mo. Nov. 21, 1984) (Ralston, Mag.). The magistrate left open the possibility, however, that counsel might be appointed if circumstances changed, or when the case eventually went to trial. Lane then brought pro se this petition for writ of mandamus. We appointed counsel to help Lane with this petition, and specifically requested information on the number of prisoner petitions filed and the number of law-

yers available to receive appointments in the central Missouri area.

## I.

■ "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). The writ may issue only in those "exceptional circumstances * * * amounting to a judicial usurpation of power * * *." *Id.* at 35, 101 S.Ct. at 190; *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). Traditionally, the writ has issued only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will*, 389 U.S. at 95, 88 S.Ct. 269, *quoted in Allied Chemical Corp.*, 449 U.S. at 35, 101 S.Ct. at 190. Use of the writ of mandamus is severely limited to prevent litigants from obtaining appellate review of district court orders which otherwise could not be appealed until final judgment. *Allied Chemical Corp.*, 449 U.S. at 35, 101 S.Ct. at 190; *Central Microfilm Service v. Basic/Four Corp.*, 688 F.2d 1206 (8th Cir.), *cert. denied*, 459 U.S. 1204, 103 S.Ct. 1191, 75 L.Ed.2d 436 (1983).

■ A federal court is justified in issuing a writ of mandamus, therefore, only if a petitioner is able to establish a "clear and indisputable right" to the relief sought, the defendant has a nondiscretionary duty to honor that right, and the petitioner has no other adequate alternative administrative or judicial remedy. *Borntrager v. Stevas*, 772 F.2d 419, 420 (8th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); *accord Homewood Professional Care Center Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir.1985); *Ganem v. Heckler*, 746 F.2d 844, 852 (D.C.Cir.1984); *see Allied Chemical Corp.*, 449 U.S. at 35, 101 S.Ct. at 190. Because Lane is unable to demonstrate either that no other adequate legal remedy exists or that he has a right to appointment of counsel under these circumstances, we decline to issue the writ.

## II.

■ Lane has a number of adequate alternative legal remedies by which to challenge the district court's decision not to appoint counsel and not to set a trial date. These pretrial motions were heard by a magistrate under the Magistrate's Act, 28 U.S.C. § 636(b)(1)(A) (1982), which authorizes district courts to designate magistrates to hear and determine pretrial matters. *See* W.D.Mo. R. 22 (magistrate may issue orders of a "nondispositive" pretrial nature). The Act also provides that any decision of the magistrate on pretrial matters is reviewable by the district court, which may set aside any part of the magistrate's order it finds to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *see also* W.D.Mo. R. 22(N)(1) (party may appeal from magistrate's order on any nondispositive pretrial order to district court within 10 days of order). Thus, Lane has an adequate remedy by which to attain the desired relief. *Cf. Thomas v. Arn*, — U.S. —, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985) (Sixth Circuit rule precluding appellate review of any issue in magistrate's order not appealed to district court within prescribed period upheld; rule promotes judicial economy and preserves control of the district court over litigation).

Independently, Lane's petition for a writ of mandamus must be denied because he has not shown that he has a clear right to either appointed counsel or a trial date setting, and, conversely, that the magistrate was under a nondiscretionary duty to provide either.

■ The decision to appoint counsel in civil cases is committed to the discretion of the district court. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir.1984). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chemical Corp.*, 449 U.S. at 36, 101 S.Ct. at 191 (citing *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 666, 98 S.Ct. 2552, 2559, 57

L.Ed.2d 504 (1978) (plurality opinion)). Lane argues that recent cases of this court establish that a litigant has a right, and a court has a corresponding mandatory duty, to appoint counsel where the litigant has presented a colorable, nonfrivolous claim. He argues that the magistrate's order permitting him to proceed in forma pauperis determined that his section 1983 claim was colorable. *See Lane v. Black,* No. 84–4112–CV–C–5, slip op. at 7 (W.D.Mo. Oct. 29, 1984). In support of his position, Lane cites *Sours v. Norris,* 782 F.2d 106 (8th Cir.1986), *Hahn v. McLey,* 737 F.2d 771 (8th Cir.1984), and *Nelson v. Redfield Lithographic Printing,* 728 F.2d 1003 (8th Cir.1984).

We are aware that several of our earlier opinions may appear to be in some conflict on this issue. We believe that in truth they are not. The standards for appointment of counsel were set forth by Chief Judge Lay in *Nelson v. Redfield Lithograph Printing,* where he states:

> We do agree that a plaintiff must establish a prima facie claim in the pleadings which, if proven, would result in some form of relief for the plaintiff. However, this statement is really no more than an acknowledgment that the appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim. If a frivolous claim has been alleged, the district court may dismiss the claim. However, once the court is satisfied that plaintiff has alleged a valid prima facie claim, then further inquiry should be made as to need. The court should satisfy itself that plaintiff has in good faith attempted to retain counsel and has been unsuccessful. The court should also determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.

728 F.2d at 1005.

We think that some confusion may have developed from our later citations of *Redfield.* In *Reynolds v. Foree,* 771 F.2d 1179 (8th Cir.1985) (per curiam), we held that "an indigent pro se prison litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary." *Id.* at 1181 (citing *Redfield,* 728 F.2d at 1005). And in *Hahn v. McLey,* 737 F.2d 771 (8th Cir.1984) (per curiam), we stated that "when an indigent presents a colorable civil claim to a court, the court, upon request, should order the appointment of counsel from the bar." *Id.* at 774 (citing *Redfield* ). However, we do not believe that these per curiam opinions relying upon *Redfield* do more than simply express in abbreviated fashion the requirement enunciated in *Redfield* that once a prima facie claim has been alleged, "further inquiry should be made as to need." 728 F.2d at 1005.

We have in recent months underscored the holding in *Redfield.* In *Johnson v. Williams,* 788 F.2d 1319 (8th Cir.1986), we stated:

> This circuit has held that "an indigent pro se prison litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary." *Reynolds v. Foree,* 771 F.2d 1179, 1181 (8th Cir.1985) (per curiam). The district court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1005 (8th Cir.1984).

*Id.* at 1322. In *Johnson,* we discussed the factors to be considered in appointing counsel as follows:

> Although factual complexity is certainly a relevant factor for a district court to consider in determining an indigent litigant's need for appointment of counsel, it is not the only factor. * * * We believe that in addition to factual complexity, the district court should also consider the ability of an indigent to investigate the facts, * * * the existence of conflicting testimony, * * * the ability of an indigent to present his claim, * * * and

the complexity of the legal issues. * * * These factors are "by no means an exclusive checklist," * * * and the weight to be given any one factor will vary with the case.

*Id.* at 1322–23 (citations omitted). The standard for the appointment of counsel in a civil case thus involves a careful weighing of several factors by the district court, and requires the exercise of the district court's sound discretion.

■ Our opinion in *Johnson* relies upon *Maclin v. Freake,* 650 F.2d 885 (7th Cir. 1981) (per curiam), which was also cited by the magistrate in his order denying Lane appointment of counsel; the factors considered by the magistrate were essentially the same as those set forth in *Johnson,* 788 F.2d at 1322–23, and in *Maclin,* 650 F.2d at 887–89. The order of the magistrate demonstrates careful compliance with the requirements of *Johnson.* There is no basis in the order for the issuance of a writ of mandamus, nor is there a basis for finding an abuse of discretion. In fact, were we simply reviewing this case on appeal, we could only conclude that the proper legal standard was applied and that reversal was not warranted.[1]

### III.

Two other issues deserve comment. We are aware of the substantial number of cases filed by inmates of the penitentiaries in Missouri and the other states of this circuit. We are also aware that a significantly smaller number of lawsuits are filed in those states that have adopted a grievance procedure for state prisoners under section 1997e of the Civil Rights Act, 42

U.S.C. § 1997e (1982). *See* Lay, *Exhaustion of Grievance Procedures for State Prisoners Under Section 1997e of the Civil Rights Act,* 71 Iowa L.Rev. 935, 942–47 (1986). The size of these dockets is of great concern to this court and to the state authorities who are called upon to defend them. We commend the adoption of such grievance procedures for a number of reasons. They provide a more satisfactory method of presenting inmate grievances, affording inmates more just and speedy dispositions of their claims. These procedures are also far less expensive for the state than the defense of litigation. And the exhaustion requirements authorized by section 1997e substantially reduce the litigation of these grievances, lessening the dockets of both the district courts and of this court, promoting efficiency and judicial economy. *See Goff v. Menke,* 672 F.2d 702, 706 (8th Cir.1982) (urging adoption of prisoner grievance procedures).

Needless to say, the participation of the bar in providing services to the indigent, though they be residents of correctional institutions, is essential.[2] In *Nelson v. Redfield* we commented upon the duties of the Chief Judge of each district to seek cooperation of the bar associations and federal practice committees to obtain a sufficient number of attorneys to handle such cases. 728 F.2d at 1005. The brief filed amicus by the State of Missouri suggests that there are two such cases for every lawyer in the central part of Missouri. We are satisfied that counsel will not be needed in every case that is filed, for experience teaches that a substantial portion of those cases are dismissed as frivolous. On the other hand, the decisions of this court dem-

---

1. Nor do we believe that there is a basis for issuing the writ because of the magistrate's failure to set a trial date. Trial settings are within the discretion of the trial court, and mandamus is not an appropriate method of challenge or review. *Fruehauf Corp. v. Thornton,* 507 F.2d 1253, 1254 (6th Cir.1974); *Stans v. Gagliardi,* 485 F.2d 1290, 1292 (2d Cir.1973); *cf. United States v. Coronel-Quintana,* 752 F.2d 1284, 1287–88 (8th Cir.1985) (elements of discretion as to motion for continuance).

2. Such participation is also in response to ethical mandate. Canon 2 of the Code of Professional Responsibility states: "A lawyer should assist the legal profession in fulfilling its duty to make legal counsel available." Mo.Sup.Ct. R. 4, Canon 2 (1986). The Rules of Professional Conduct, which became effective in Missouri January 1, 1986, state that: "A lawyer should render public interest legal service. A lawyer may discharge this responsibility by providing professional services at no fee or at a reduced fee to persons of limited means * * *." Mo.Sup.Ct. R. 4, Rule 6.1 (1986).

onstrate that there are substantial numbers of these cases that are meritorious and in which counsel not only have been appointed, but have been essential to the prosecution of such claims. It is true that many such claims are unsuccessfully prosecuted. It is also true, however, that many have resulted in substantial verdicts in favor of the plaintiffs, and that substantial fees have been awarded.[3]

The petition for writ of mandamus is denied.

---

**3.** We provide a few recent examples illustrative of this point. In *Remington v. White*, No. N84–42C (E.D.Mo. June 25, 1985), the prisoner-plaintiff was awarded $15,000 in compensatory damages and $25,000 in punitive damages. Slip op. at 1. The magistrate allowed Remington's attorney a fee of $5,910. *Id.* at 6. In *Gleason v. White*, No. N83–6C (E.D.Mo. June 25, 1985) [Available on WESTLAW, DCTU database], *on remand from Martin v. White*, 742 F.2d 469 (8th Cir.1984), the plaintiff recovered $20,000 compensatory and $20,000 punitive damages; the attorney was allowed $18,802.50 in fees. Slip op. at 1, 2. And in *Parton v. Wyrick*, No. 81–4023–CV–C–5 (W.D.Mo. Oct. 11, 1984) [Available on WESTLAW, DCTU database], the plaintiff recovered a total of $90,000 in compensatory and punitive damages and his attorney was awarded $47,140 in fees. Slip op. at 1, 7.