978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steven E. VAN HORN, Appellant,
v.
Debra PETERSON, Appellee.
 No. 92-2223.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: November 3, 1992.
 
 Before JOHN R. GIBSON, BEAM, AND MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven Van Horn appeals the district court's[1] grant of summary judgment to divorce attorney Debra Peterson in his diversity action against her for legal malpractice and breach of contract. We affirm.
 
 
 2
 Van Horn, a Minnesota inmate, alleged that Peterson failed to object to the relevancy of questions concerning his criminal conduct at a child custody hearing and to advise him of his rights to appeal or set aside the judgment. He also alleged that after he had been determined to be mentally incompetent and involuntarily committed, Peterson represented him at a divorce hearing, but she failed to inform him of the subject matter of the hearing, motions presented, final disposition, or his right to appeal.
 
 
 3
 The district court granted Van Horn in forma pauperis status and appointed counsel after considering the factors from In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986). Van Horn filed notice that he would call an expert witness. Subsequently, Van Horn's attorney moved to withdraw, explaining that both he and Van Horn's expert witness believed the action was frivolous. After speaking with Van Horn by telephone, the court granted the motion to withdraw without objection, and ordered Van Horn to represent himself pro se in all further proceedings unless he obtained counsel of his own choice at his own expense. Peterson then moved for summary judgment, attaching an affidavit from expert Steven Lytle, who had reviewed the record and found that Peterson had met and exceeded the appropriate standard of care. Van Horn failed to respond to the motion, even after the court had granted an extension, and the court granted Peterson summary judgment.
 
 
 4
 Van Horn now argues that the district court violated his rights by not appointing a second attorney, and he challenges the summary judgment.
 
 
 5
 We conclude that the district court did not abuse its discretion in failing to appoint substitute counsel. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). The record before the court when it considered the motion to withdraw indicated that Van Horn's claim was frivolous, and there is no indication Van Horn moved for substitute counsel. Civil litigants have no right to appointment of counsel, and appointment is within the discretion of the court. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). Although a court's earlier determination that counsel was necessary raises a strong question about later refusals, see Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992), in this case, lack of support for Van Horn's claims and his failure to move for substitute counsel justified the district court's failure to appoint new counsel. See Lane, 801 F.2d at 1043 (court should consider appointment of counsel if plaintiff has not alleged frivolous or malicious claim) (citing Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005) (8th Cir. 1984)).
 
 
 6
 We hold the district court correctly granted summary judgment. Van Horn failed to oppose the motion. See Fed. R. Civ. P. 56(e). Even reviewing the record de novo in a light most favorable to Van Horn, Peterson demonstrated that under Iowa law she was entitled to judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa