**William Talbot KING, Plaintiff,**

v.

**CENTRAL MICROFILM SERVICE CORP., et al., Defendants.**

**No. 4:93CV01964 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

April 29, 1994.

William Talbot King, pro se.

Thomas E. Berry, Jr., Associate, McMahon and Berger, St. Louis, MO, for defendants.

### *MEMORANDUM AND ORDER*

GUNN, District Judge.

This matter is before the Court on defendants' motion for summary judgment.[1] William Talbot King, a African–American, filed this action pro se pursuant to Title VII of the Civil Rights Act of 1964, claiming that he was discharged from his job with Central Microfilm Services Corporation (Central Microfilm) on January 29, 1993, because of his race and his relationship with a white female. He also claims that his discharge was retaliatory. Named as defendants are Central Microfilm and four individuals allegedly involved in the discharge.

In support of the motion before the Court, defendants have submitted the affidavit of Skip Franz, the defendant in charge of personnel matters who interviewed and hired King for the position of warehouse employees/driver in May 1992. Franz attests that King did not inform him of a prior job with Emerson Electric Co., from which he had been discharged for insubordinate conduct including threats of physical violence to co-workers and supervisors. Franz attests that had he been so informed he would not have

---

1. By order dated February 15, 1994, the Court converted defendant's motion to dismiss into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(b).

hired King, and had he found out about King's prior employment record at any time prior to the actual discharge, he would have discharged King for failing to disclose this information. Franz further attests that he discharged King on the day in question after King threatened him with physical violence.

Defendants have also submitted King's application for the job with Central Microfilm. The application does not mention the prior employment referenced in Franz's affidavit. Lastly, defendants have submitted a copy of *King v. Alco Controls Div., Emerson Elec. Co.,* No. 83–232 (E.D.Mo. Feb. 24, 1994), in which the Court found that King was discharged from his job with Emerson in May 1992 for insubordination and threatening and harassing fellow employees.

In response to the motion for summary judgment, King has requested appointment of counsel on his behalf. Upon review of the record and the factors set forth in *In re Lane,* 801 F.2d 1040, 1043–44 (8th Cir.1986), the request for appointment of counsel will be denied.

Defendants argue that plaintiff is precluded from relief because he failed to truthfully disclose information which would have reasonably led to the rejection of his application for employment or to his discharge thereafter. This doctrine has been adopted by the Sixth, Seventh and Tenth Circuits in employment discrimination cases. *See O'Driscoll v. Hercules, Inc.,* 12 F.3d 176 (10th Cir.1994) (where employee's misrepresentations on employment application would have justified termination, employee is precluded from relief on age discrimination claim; summary judgment in favor of employer affirmed); *Washington v. Lake County,* 969 F.2d 250 (7th Cir.1992) (appropriate inquiry is would employer have fired plaintiff upon discovery of misrepresentation on application); *Johnson v. Honeywell,* 955 F.2d 409 (6th Cir.1992) (employee's material misrepresentation on resume with regard to educational background barred recovery for alleged discrimination in discharge).

The Eighth Circuit has not yet ruled on this issue. This District Court has adopted the reasoning of the above-cited cases in *Collor v. Thermal Science, Inc.,* No. 90–1537C(5), slip op. at 7–11, 1992 WL 541107 (E.D.Mo. Oct. 14, 1992). In that case, as here, the defendant employer attested that had it known of the material omissions (and falsities) of the plaintiff's job application initially, it would not have hired her, and had it hired her, would have terminated her upon discovery. The Court granted the defendant summary judgment holding that the plaintiff's misrepresentations precluded recovery on her claim that she was not hired because of her race.

The Court agrees with the reasoning and will follow the precedent in this district. The Court concludes that King's misrepresentation as to his work history was material such that had it been disclosed King would not have been hired and would have been discharged upon discovery of the failure to disclose the information.

Furthermore, and equally important, King has come forward with no evidence tending to show that the reason given by Franz for discharging him was pretextual. *See, e.g., Miller v. Certainteed Corp.,* 971 F.2d 167 (8th Cir.1992) (summary judgment affirmed in Title VII action where employee failed to establish that employer's proffered nondiscriminatory reason for discharge was pretextual); *Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1254 (8th Cir.1981) (insubordination and abusive and threatening language are legitimate grounds for disciplinary action). In sum, the Court concludes that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is denied.

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is granted.