**Brett Aaron NELSON, Appellant,**

v.

**REDFIELD LITHOGRAPH PRINTING, Sam Demere, and Paul Roach, Appellees.**

**No. 83–2248.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1984.

Decided Feb. 22, 1984.

George C. Rozmarin, Jean A. Mahon-Pettit, Swarr, May, Smith & Andersen, Omaha, Neb., for appellees.

Betty L. Egan of Walsh, Walentine, Miles, Fullenkamp & O'Toole, Omaha, Neb., for appellant.

Before LAY, Chief Judge, HEANEY and BOWMAN, Circuit Judges.

LAY, Chief Judge.

This matter comes before us on appeal of the singular issue of whether the trial court abused its discretion in failing to appoint counsel for plaintiff. The instant case was treated in the court below as a Title VII action. Upon review of the record, we find no abuse of discretion in the court's refusal to appoint counsel but we must respectfully disagree with the standard the district court set forth governing such appointment.

Title 28 U.S.C. § 1915(d) (1976 & Supp. V 1981) governs the request for counsel in a civil proceeding. It states simply: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Although we acknowledge that there is no constitutional or statutory right for an indigent to have counsel appointed in a civil case, we have in the past acknowledged the express authority of the district court to make such appointments. *White v. Walsh,* 649 F.2d 560 (8th Cir.1981); *Peterson v. Nadler,* 452 F.2d 754 (8th Cir.1971).

The district court in denying the requests of plaintiff observed:

> In the instant case there is simply no showing of compelling and meritorious grounds for such request. This case is a straight-forward racial discrimination case brought pursuant to 42 U.S.C. § 2000e, *et seq.* The issues do not appear to be complex or convoluted, and it would appear from the previous filings and pleadings of the plaintiff that plaintiff can adequately represent himself in this matter. Of course, the door remains

open for plaintiff to engage the services of counsel, on a contingent fee basis, if he chooses to do so and is able to do so.

We must respectfully disagree with the court that an indigent has to show a "compelling and meritorious" need for counsel. We think this is too high a standard and not in conformity with the statute. We do agree that a plaintiff must establish a prima facie claim in the pleadings which, if proven, would result in some form of relief for the plaintiff. However, this statement is really no more than an acknowledgment that the appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim. If a frivolous claim has been alleged, the district court may dismiss the claim. However, once the court is satisfied that plaintiff has alleged a valid prima facie claim, then further inquiry should be made as to need. The court should satisfy itself that plaintiff has in good faith attempted to retain counsel and has been unsuccessful. The court should also determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.

We recognize that under § 1915 there is no provision for the payment of attorneys fees; however, upon proper showing the court may reimburse appointed counsel for expenses, made in good faith, from funds contributed by attorneys admitted to the court. If a similar fund is not available in the district court, until such fund is established the court of appeals has such a fund and will temporarily allow its disbursement for district court representation upon proper application. This court traditionally has reimbursed counsel for expenses on appeal in pro bono representations.

There has been reluctance by some judges to request lawyers to appear in pro bono litigation. We disapprove of such reluctance. As we stated in *Peterson v. Nadler:*

Lawyers have long served in state and federal practice as appointed counsel for indigents in both criminal and civil cases. The vast majority of the bar have viewed such appointments to be integrally within their professional duty to provide public service. Only rarely are lawyers asked to serve in civil matters. We have the utmost confidence that lawyers will always be found who will fully cooperate in rendering the indigent equal justice at the bar.

452 F.2d at 758.

We write here under our general supervisory authority involving the district courts. We think it incumbent upon the chief judge of each district to seek the cooperation of the bar associations and the federal practice committees of the judge's district to obtain a sufficient list of attorneys practicing throughout the district so as to supply the court with competent attorneys who will serve in pro bono situations such as the case presented.

We now turn to the facts at hand. Plaintiff filed his complaint in July of 1982. At the time of filing his complaint he specifically rejected the appointment of counsel. In December, when he made a request for appointed counsel, the court informed him that he should attempt to get private counsel. He later demonstrated, producing letters, that he was unable to do so. He once again applied for counsel in February of 1983 and was again refused counsel. The court heard evidence and dismissed the case, stating:

At trial, although given every latitude and reasonable opportunity to do so, the plaintiff has failed to produce any testimonial or documentary evidence which would corroborate or buttress his naked averments of disparate treatment in terms of discharge. There is not a shred or scintilla of evidence in this record of an intent on the part of the defendant or its agents to discriminate against plaintiff in any of the conditions of his em-

ployment on account of his race, and the Court finds in accordance therewith.

We note that the only alleged ground of prejudice arising from the denial of plaintiff's request for counsel relates to his inability to exercise discovery procedures. The trial itself produced no evidence of discrimination. The facts are clear. They lend themselves to straight forward proofs and the suggested discovery would in our judgment be nothing more than a fishing expedition. This is not to say that counsel could not have assisted the plaintiff in his endeavors. What we emphasize is that the trial judge has now explored the facts and found, in effect, that counsel would not have altered the conclusion that the trial court reached. It is only speculation to suggest otherwise.

There are other factors to be considered. First, plaintiff's own "statement of claim" to the court does not assert racial discrimination, but states that plaintiff was not retained at his job because his supervisor "did not like me personally, and because everyone was concerned about my health except he only cared about work and who he could step on." Second, we note that after an investigation by the Equal Employment Opportunity Commission "[n]o reasonable cause was found to believe that the allegations made" in plaintiff's charge were true. Therefore, on review of the record as a whole, we find that the district court's determination not to appoint counsel for the plaintiff was not an abuse of discretion.

Each party shall pay its own costs.