Thomas A. MUNZ, Plaintiff,

v.

John FAYRAM, et al., Defendants.

No. C 83–149.

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Dec. 31, 1985.

Richard Mundy, Cedar Rapids, Iowa, for plaintiff.

Hector Rodriques and Sarah Coats, Des Moines, Iowa, for defendants.

ORDER

McMANUS, District Judge.

This matter is before the court upon the United States Magistrate's report and recommendation, filed December 4, 1985, and upon plaintiff's unresisted pro se motion for an order compelling attorney representation, filed November 19, 1985. Plaintiff's request for a hearing is denied and the matter is decided on the existing record. The report and recommendation is adopted and the motion is denied.

Plaintiff, who is currently incarcerated under the authority of the State of Iowa, filed this civil rights action pro se on July 25, 1983. Subsequently, plaintiff filed a motion for appointment of counsel and on August 31, 1984, counsel was appointed to represent him. Then on February 26, 1985, appointed counsel moved for leave to withdraw. That motion was granted after plaintiff indicated that he also desired to have counsel withdraw. Thereafter, plaintiff again requested appointed counsel and on June 19, 1985, Richard Mundy was appointed to represent plaintiff. Since his appointment, Mr. Mundy has continued to represent plaintiff.

Despite representation by counsel, plaintiff has continued to file motions pro se and has asserted that he has a right to dual representation. Defendant, however, objects. After requesting both parties to brief the issue of dual representation, the Magistrate recommended that the Clerk of Court be directed to return to plaintiff any pleadings, motions, or papers filed without the signature of court-appointed counsel unless they relate to the services of appointed counsel.

Pursuant to 28 U.S.C. § 636(b)(1) plaintiff has objected to the Magistrate's report arguing that the Magistrate's recommendation, if adopted, would deny him his right of meaningful access to the courts and his right to control the lawsuit. Plaintiff also objects on the grounds that the report is an attempt by the Magistrate to prevent disclosure of the judiciary's alleged involvement in teenage prostitution and to "cover up" for Mr. Mundy's alleged neglect.

After carefully reviewing the Magistrate's report, plaintiff's objections, and the record as a whole, the Magistrate's findings and recommendations are adopted in their entirety. 28 U.S.C. § 636(b)(1). The Magistrate correctly concluded that, "In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel...." *See* 28 U.S.C. § 1654 (1976) (emphasis added). There is no constitutional or statutory right to dual representation. *See Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir.1958). Moreover, contrary to plaintiff's suggestion, the client does not have the unqualified right to control the actions of counsel in a lawsuit. Disciplinary Rule 7–102 specifically mandates

(A) In his representation of a client, a lawyer shall not:

(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

(3) Conceal or knowingly fail to disclose that which he is required by law to reveal.

(4) Knowingly use perjured testimony or false evidence.

(5) Knowingly make a false statement of law or fact.

(6) Participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false.

(7) Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.

(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

Iowa Code of Professional Responsibility for Lawyers, DR7–102(A) (1971).

■ In the instant case, appointed counsel is representing plaintiff pursuant to plaintiff's request. Although dual representation may be allowed in exceptional cases, plaintiff has failed to demonstrate the existence of exceptional circumstances here. Accordingly, the Magistrate's report and recommendation will be adopted.

■ Plaintiff has also requested that the court issue an order pursuant to the All Writs Act that would compel Mr. Mundy to diligently represent him and to "push forward for a trial date." Plaintiff, however, specifically states that he will not allow Mr. Mundy to withdraw as counsel. Plaintiff contends that he is being prejudiced because Mr. Mundy's lack of diligence has allegedly caused "in as much as any other reason" two and one-half years to elapse since the filing of this lawsuit. Plaintiff further alleges that Mr. Mundy has failed to respond to his letters.

Plaintiff's conclusory allegations of deficiencies in Mr. Mundy's representation do not entitle plaintiff to court-ordered relief. The court notes that Mr. Mundy was appointed June 19, 1985, to represent plaintiff. Consequently, Mr. Mundy's actions cannot be the reason that this lawsuit has been pending for more than two years. Furthermore, plaintiff has cited no authority to support his request for relief under the All Writs Act, 28 U.S.C. § 1651 (1976). Accordingly, plaintiff's motion is denied.

It is therefore

ORDERED

1. The findings and recommendation of the Magistrate are accepted and adopted and the Clerk is directed to return to plaintiff any pleadings, motions, or other papers filed without the signature of court-appointed counsel unless they relate to the services being performed by counsel.

2. Motion for order compelling attorney representation denied.

## REPORT AND RECOMMENDATION

### December 4, 1985

JAMES D. HODGES, Jr., United States Magistrate.

This matter comes before the court pursuant to Local Rule 4.1.6 on the issue of whether plaintiff may personally continue to file motions and requests for court action after counsel has been appointed at plaintiff's request, rather than being required to proceed through his appointed counsel.

Stated another way, the question presented is whether an inmate who has requested and received court-appointed counsel may continue to represent himself as co-counsel in that lawsuit. A brief recitation of the factual background of this action is necessary to put this issue in perspective.

Plaintiff, who is currently incarcerated under the authority of the State of Iowa, brought this action on July 25, 1983 pursuant to 42 U.S.C. § 1983 alleging that various actions of the defendants violated his constitutional rights. On October 26, 1983 he filed a motion for appointment of counsel. This motion was denied on November 15, 1983, with the court noting that plaintiff would be required to make a good faith effort to secure counsel before the court would appoint counsel. Plaintiff did so and renewed his motion on June 8, 1984 and counsel was appointed to represent him on August 31, 1984.

That attorney moved for leave to withdraw on February 26, 1985. Since plaintiff indicated he also wished to have counsel relieved of his responsibilities, the motion was granted on March 12, 1985. On March 19, 1985 plaintiff renewed his request for counsel and counsel was appointed on June 19, 1985. That attorney has continued to represent plaintiff despite several indica-

tions that plaintiff is dissatisfied with counsel's efforts.[1]

On July 15, 1985 plaintiff filed pro se a motion to file amended and supplemental complaint. This was resisted by defendant on July 26, 1985 on the grounds that since plaintiff was represented by counsel he should be required to proceed through counsel. In a paper filed on August 3, 1985 plaintiff voiced his objections to being required to proceed through counsel and asserted a right to dual representation.[2] In light of the nature of the question raised, on August 16, 1985 the court requested the parties to brief this issue by September 10, 1985. Defendant has done so; plaintiff has not.

28 U.S.C. § 1654 presents the logical starting point to analyze this question. That section provides:

> § 1654. Appearance personally or by counsel. In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein. (Emphasis added).

In *Brasier v. Jeary,* 256 F.2d 474, 478 (8th Cir.1958) the Eighth Circuit considered an argument similar to plaintiff's and rejected the claim that a party to a civil action has either a constitutional or statutory right to have counsel and to speak and argue for himself at the same time. Specifically, the trial court's denial of dual representation was held not to violate the due process clause of the Fifth Amendment, and 28 USC § 1654 was held to be disjunctive. *See also O'Reilly v. New York Times Co.,* 692 F.2d 863, 868 (2nd Cir.1982). While there may be exceptional cases where dual representation may be allowed, plaintiff has failed to establish these circumstances here.

This holding is consistent with those courts of appeals which have considered the issue in the criminal arena and have unanimously concluded that there is no such constitutional or statutory right, but rather that its allowance is a matter left to the judicial discretion of the trial courts. *See, e.g., United States v. Zielie,* 734 F.2d 1447, 1454 (11th Cir.1984), rehearing denied, 740 F.2d 979 (1984); *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir.1978); *United States v. Williams,* 534 F.2d 119, 123 (8th Cir.1976), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *United States v. Lang,* 527 F.2d 1264, 1265 (4th Cir.1975), *cert. denied,* 424 U.S. 920 (1976); *United States v. Hill,* 526 F.2d 1019, 1024–25 (10th Cir.1975), *cert. denied* 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976); *United States v. Wolfish,* 525 F.2d 457, 462–63 (2nd Cir.1975), *cert. denied* 425 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976); *Duke v. United States,* 255 F.2d 721 (9th Cir.1958), *cert. denied* 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1364 (1958).

Likewise, this reasoning seems to be particularly appropriate in cases filed by inmates who have counsel appointed to represent them.

It is beyond question that prisoners have a right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Wolff v. McDonnell,* 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974) ("The right of access to the courts ... assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."); *Johnson v. Avery,* 393 U.S. 483, 485, 89 S.Ct. 747, 748–49, 21 L.Ed.2d 718 (1969) ("It is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstruct-

---

**1.** These complaints are not addressed in this order since the latest request under the all writs section appears to be more properly addressed by the district court.

**2.** During the period of representation by his first attorney, plaintiff independently filed a

motion for default judgment on December 3, 1984. During the period of representation by present counsel, plaintiff has submitted at least six separate filings independent of counsel. (Docket numbers 74, 75, 76, 77, 83 and 86).

ed"). However, in *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003 (1984), the Eighth Circuit Court of Appeals expressly acknowledged that there is no constitutional or statutory right for an indigent to have counsel appointed in a civil case. *Id.* at 1004. But, upon motion and conditioned upon the requisite showing, a district court has the authority to appoint counsel and should do so. *Hahn v. McLey*, 737 F.2d 771, 774 (8th Cir.1984); *Nelson v. Redfield Lithograph Printing, supra,* 728 F.2d 1003 (8th Cir.1984); *White v. Walsh*, 649 F.2d 560 (8th Cir.1981); 28 U.S.C. § 1915(d). The appointment of counsel is not solely for plaintiff's benefit, but rather the Eighth Circuit recognized in *Nelson* "The court should also determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson, supra* 728 F.2d at 1005.

Allowing unlimited dual representation would not only result in the possibility of confusion for the court and defendants thus diminishing one of the benefits derived from appointing counsel, but also raises serious ethical questions for both plaintiff's and defendants' counsel. Questions are raised under disciplinary rule 7–104 of the Iowa Code of Professional Responsibility for Lawyers as to with whom defense counsel can properly communicate. Likewise, plaintiff's counsel may be forced to decide whether to pursue what may appear to be a frivolous claim or to take a position adverse to their client.

Prohibition dual representation does not affect plaintiff's access to the court since a plaintiff is free to elect to proceed pro se in any action. Further, he remains free to file other lawsuits and either seek to have counsel appointed or proceed pro se in those actions. It should be noted that this procedure preserves the court's obligation to screen out frivolous lawsuits before counsel is appointed, thus, lessening the possibility of the ethical problems referred to above. *Hahn v. McLey, supra,* 737 F.2d at 773.

Finally, the court is not unmindful of the special problems that are brought about by incarceration. Accordingly, a plaintiff is always free to file *pro se* papers requesting new counsel, to proceed pro se, or questioning the actions of appointed counsel. Further, plaintiff may show exceptional circumstances exist which justify dual representation in a particular case. However, as a general rule where plaintiff requests and is appointed counsel, that will be deemed a waiver of his right to proceed pro se in that action only, and as regards to that action, any pleadings or other papers under the Federal Rules of Civil Procedure other than referred to above may be filed only by counsel.

It is therefore

RECOMMENDED

That unless any party files objections to the Report and Recommendation in accordance with 28 USC § 636(b)(1)(C) and FRCP 72(b) within ten (10) days of the service of a copy of this order that:

The Clerk is directed to return to plaintiff any pleadings, motions or other papers filed without the signature of court-appointed counsel unless they relate to the services being performed by counsel.