**Samuel W. SCOTT, Appellant,**

v.

**TYSON FOODS, INC., Appellee.**

**No. 89–3072.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 9, 1991.

Decided Aug. 22, 1991.

Pamela B. Honeycutt, Jonesboro, Ark., for appellant.

Joseph F. Gilker, Mountainburg, Ark., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Samuel W. Scott appeals from the district court's judgment dismissing Scott's complaint brought under the provisions of Title VII.[1]  We reverse and remand.

Scott, who is black, began working at Tyson Foods, Inc.'s (Tyson) Clarksville, Arkansas, chicken processing plant on April 6, 1985.  In September of 1986, Scott applied for a promotion to the position of field technical advisor.  Scott did not receive the promotion, however, and the position was filled by a white male who had had no previous work experience in the poultry industry and who had not previously been employed by Tyson Foods.

Scott's charge of discrimination was dismissed by the Equal Employment Opportu-

1.  After reviewing Scott's pro se appellate brief, we appointed counsel for Scott and set the case

nity Commission in January of 1989.  Scott filed this action in the district court in April of 1989.  The district court granted Scott leave to proceed in forma pauperis, but denied his request for appointment of counsel.  In its letter to Scott denying the request for counsel, the district court stated that it believed that the United States Supreme Court's recent decision in *Mallard v. United States District Court for Southern Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), limited the district court's power to appoint attorneys in civil cases:

> This court believes, in view of that decision, it may only request an attorney take your case, and in view of the evidence elicited by the Commission, as reflected in the file, an effort to have an attorney take this case would probably not be productive.

At trial, Tyson defended its decision not to promote Scott on the ground that during the year preceding his application for promotion Scott had received a disciplinary write-up and had been charged with six unexcused absences and five unexcused tardies.  Scott, on the other hand, attempted to show that Tyson's attendance program was unfairly administered, that he was unfairly singled out for scrutiny regarding his attendance, that he was required to perform tasks which other workers refused to perform and who were not penalized for their refusal, that one of his supervisors had made racist remarks to Scott concerning his application for promotion, and that Scott had found a copy of a racially derogatory poem on Tyson's premises.

The district court found that Tyson's proffered reasons for not promoting Scott were not pretextual and dismissed Scott's complaint.

Had the district court based its refusal to appoint counsel for Scott on the basis of the exercise of its sound discretion after reviewing the merits of Scott's complaint in the light of the considerations set

for oral argument.

forth in, e.g., *In re Lane,* 801 F.2d 1040 (8th Cir.1986), and *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003 (8th Cir. 1984), we would be hard-pressed to say that the district court abused its discretion in refusing to appoint counsel. As it was, however, the district court quite clearly based its decision upon its reading of *Mallard,* and we believe that that reading was incorrect. The holding in *Mallard* was based upon the language of 28 U.S.C. § 1915(d), which provides that a court "may request an attorney to represent" a person proceeding in forma pauperis. Indeed, the Court contrasted the language of section 1915(d) with the mandatory language of section 1916(c), which provides that: "The officers of the court shall issue and serve all process, and perform all duties in such cases." *See* 490 U.S. at 301–02, 109 S.Ct. at 1818.

In contrast to the language of section 1915(d), the language of Title VII gives the district court far greater authority to appoint counsel: "Upon application by the complainant and in such circumstances as the court may deem just, the court may *appoint* an attorney for such complainant[.]" 42 U.S.C.A. § 2000e–5(f)(1)(B) (emphasis added). We believe that the word "appoint" confers upon district courts the coercive power to require attorneys to represent plaintiffs in Title VII cases, once the other considerations set forth in *In re Lane* and *Nelson* that bear upon the district court's exercise of discretion have been satisfied.

In the light of what we perceive to be the district court's incorrect reading of *Mallard,* the judgment must be reversed and the case remanded to the district court for further proceedings. Although in another case we might be disposed merely to give the district court the opportunity of reconsidering its denial of the request for appointment of counsel, in this case the record indicates that Scott would have benefited from the assistance of counsel. This is not to say that we would not have affirmed the district court's finding of no discrimination had Scott been represented by counsel at trial. Rather, we believe that the issues that Scott attempted to develop at trial were sufficiently complex as to require the assistance of counsel.

Accordingly, the judgment dismissing the complaint is reversed, and the case is remanded to the district court with directions that counsel be appointed for Scott and that further proceedings be had on his complaint.

We express our appreciation to appointed counsel's diligent presentation of Scott's appeal before this court.