972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Billy STEPHENS, Appellant,
v.
John BYUS; James Banks, Classification Officer; Leo Inman,
Grievance Officer; Steve Waller, Physician's Assistant;
Charles Hicks, Medical Director; James Brown, LPN; Tommie
McGarity, R.N., Appellees.
 No. 91-2774.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 23, 1992.
Filed: August 18, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Billy Stephens, a prisoner of the Arkansas Department of Correction (ADC), appeals from the district court's[1] order adopting the magistrate judge's[2] recommendation, following an evidentiary hearing, to dismiss Stephens's complaint filed under 42 U.S.C. § 1983. Stephens claimed that prison and medical staff at ADC were deliberately indifferent to his back injury over a nine-month period. We affirm.
 
 
 2
 Stephens moved for appointment of counsel when he filed his complaint. The magistrate judge denied the motion, stating that he would revisit it on his own initiative at the appropriate time. Stephens again moved for counsel before his evidentiary hearing. The magistrate judge did not appoint counsel, and Stephens appeared pro se at the hearing. After the hearing, the magistrate judge denied the motion as moot. Stephens argues that there is no indication his motion was ever evaluated, and that it should have been granted. A district court should seriously consider a plaintiff's motion for appointment of counsel if the plaintiff has not alleged a frivolous or malicious claim. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). The relevant factors in determining an indigent plaintiff's need for appointed counsel include "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)), cert. denied, 112 S. Ct. 1995 (1992). This court reviews for abuse of discretion a district court's decision to deny appointment of counsel. Nelson, 728 F.2d at 1004.
 
 
 3
 Absent evidence to the contrary, we will not presume that the magistrate judge failed to exercise his well-informed discretion. Cf. United States v. Hamell, 931 F.2d 466, 468 (8th Cir.), cert. denied, 112 S. Ct. 347 (1991). Upon our review of the record, we conclude that the magistrate judge did not abuse his discretion in deciding not to appoint counsel. The facts and legal issues here were not complex, and the magistrate judge allowed Stephens latitude in examining witnesses. Stephens argues that counsel could have persuaded the court to call two other witnesses whose testimony the magistrate judge had deemed cumulative. Stephens, however, has not established that counsel could have persuaded the court to call them nor has he demonstrated the importance of their testimony. We have reviewed and reject as meritless Stephens's remaining arguments regarding appointment of counsel.
 
 
 4
 Stephens also argues that the district court erred in dismissing his claim that defendants were deliberately indifferent to his back injury. We disagree. Based on the evidence presented at the hearing, we agree with the court that Stephens failed to establish a case against any of the defendants for deliberate indifference to his back injury.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The HONORABLE JOHN F. FORSTER, JR., United States Magistrate Judge for the Eastern District of Arkansas