**Russell BAILEY, Plaintiff,**

v.

**Scott LAWFORD; and Five Unknown San Diego Police Officers; Bob Burgreen; and City of San Diego, Defendants.**

**Civ. No. 93–1199–B (BTM).**

United States District Court, S.D. California.

Oct. 25, 1993.

**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**

BREWSTER, District Judge.

Plaintiff has filed a "Request for Court Appointed Attorney in Civil Action." For the following reasons, the court hereby DENIES plaintiff's request.

## I. Procedural History

On August 12, 1993, plaintiff filed a complaint for damages and injunctive relief, alleging civil rights causes of action under 42 U.S.C. §§ 1983, 1985, and 1986, constitutional violations, and intentional infliction of emotional distress. He also filed a request for appointment of counsel, claiming that he "has repeatedly made efforts to proceed in the court as a *pro se*, but has continual problems of form and procedure of which he can not over come." On the same day, plaintiff's application to proceed *in forma pauperis* was granted by the Honorable Judith N. Keep, Chief Judge.

## II. Factual Background

Plaintiff's complaint alleges two specific instances involving defendants.[1] The first al-

---

1. In his request for a temporary restraining or-

der ("TRO"), filed on September 1, 1993, plain-

legedly occurred on April 29, 1992. Plaintiff contends that on that day defendants San Diego police officer Scott Lawford and two unknown San Diego police officers attempted to force open plaintiff's Ford van at the Clairemont Mesa Blvd. and Diane Ave. area of San Diego. Defendants allegedly broke into the van and took plaintiff's keys and then began to rock the van back and forth. Plaintiff alleges that he was in the rear enclosed portion of the van and suffered a laceration on his right knee when he fell to the floor as the van rocked. Plaintiff asserts that defendants assaulted him with intent to trespass, threatened bodily harm, brandished a weapon while threatening bodily harm, and threatened to have plaintiff's automobile impounded. Plaintiff also asserts that Scott Lawford harassed, vexed, and provoked an assault upon plaintiff.

The second instance allegedly occurred on July 28, 1992, at 7:30 a.m. Plaintiff alleges that "Three Unknown San Diego Police Officers" arrested plaintiff, demanded his identification and detained his identification card without cause. Plaintiff claims that he sound-recorded the conversation and that the officers' badge numbers were # 1860, # 2734, and # 2644.

## III. Discussion

### A. Legal Requirements for Appointment of Counsel

Under 28 U.S.C. § 1915(a) (1993), a court can authorize the commencement of an action without prepayment of fees. Section (a) states:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor....

Once such a showing of indigence is made, the court has discretion to appoint counsel under 28 U.S.C. § 1915(d) (1993). Section (d) states:

> The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

■ In this circuit, a plaintiff who has met the requirement of indigence is entitled to appointment of counsel only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). Under *Wilborn*, the rule for appointment of counsel is:

> A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." ... Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).

*Id.* (citations omitted).

■ This circuit has held that plaintiffs are required to show a "reasonably diligent effort" to secure counsel as a prerequisite to obtaining court-appointed counsel pursuant to 42 U.S.C. § 2000e–5(f)(1)(B) in claims of employment discrimination. *See Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1319 (9th Cir.1981). In *Bradshaw*, plaintiff contacted more than ten attorneys, each of whom declined to represent her. The court held that such efforts were "all that may reasonably be expected." *Id.* The court said:

> All that can be required of plaintiffs under this aspect of the test is that they make what can be considered a reasonably diligent effort under the circumstances to obtain counsel.... She may not be required "to exhaust the legal directory" as a prerequisite to the appointment of counsel.

*Id.* (citations omitted). It appears that this circuit has not been called upon to decide whether *Bradshaw*'s requirement of a "reasonably diligent effort" to secure counsel is required under § 1915(d) as well.

tiff complains of a third instance which allegedly occurred July 29, 1993. However, as plaintiff's request for appointment of counsel was filed before his request for a TRO, this order does not consider the third instance.

Comparing *Bradshaw*, this court sees no reason why plaintiffs requesting appointment of counsel under § 2000e–5(f)(1)(B) should bear a greater burden than plaintiffs requesting counsel under § 1915(d). Although the Ninth Circuit has yet to extend the *Bradshaw* requirement beyond requests for counsel pursuant to § 2000e–5(f)(1)(B), numerous other circuit courts have established a similar requirement for indigent civil litigants pursuant to § 1915(d). *See, e.g., Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (requiring reasonable, unsuccessful efforts to retain counsel or an effective preclusion from making such efforts); *Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir.) (dicta) (requiring consideration of "efforts" to obtain counsel), *cert. denied*, 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir.1984) (requiring a "good faith" attempt to retain counsel); *cf. Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982) (holding that it is appropriate for a district court to inquire into plaintiff's efforts to secure private counsel). Furthermore, the Seventh Circuit has held, and this court agrees, that a reasonable effort to secure counsel is inferred from the language of the enabling statute. *See Jackson*, 953 F.2d at 1072. As the Seventh Circuit has stated, § 1915 by its own terms—"unable to employ counsel"—demands that a plaintiff be both financially unable, and unsuccessful in his attempts, to employ counsel. *See id.*

Accordingly, this court hereby extends the *Bradshaw* requirement to § 1915(d) requests and requires that indigent plaintiffs make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them. Only after a plaintiff proves the threshold requirements of indigence and a reasonably diligent effort to secure counsel will this court apply the *Wilborn* factors in considering a request for counsel under § 1915(d).

**B.  Analysis**

In this case, plaintiff has met the two threshold requirements for appointment of counsel under § 1915(d). First, he has proven indigence by having been granted *in forma pauperis* status.

Second, plaintiff has made a reasonably diligent effort to secure counsel. Plaintiff alleges that he has contacted the American Civil Liberties Union ("A.C.L.U."), Volunteer Lawyers of San Diego, and private law firms. The A.C.L.U. allegedly told him that they handle only class actions and published cases. The Volunteer Lawyers of San Diego allegedly told him they could not handle his case because the action was one that was difficult to win. Private law firms allegedly told him that they did not have the resources to handle his claim. This court holds that these efforts are reasonable, and therefore satisfy the second threshold requirement of § 1915(d).

However, under *Wilborn*, although plaintiff has satisfied the court that he is indigent and has made a reasonably diligent effort to secure counsel, he is entitled to appointment of counsel only if he can show exceptional circumstances. *See* 789 F.2d at 1331. Therefore, this court must conduct an evaluation of the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.

**1.  Likelihood of Success on the Merits**

While plaintiff has adequately articulated his claims, he offers no evidence other than his own assertions to support his claims. Therefore, it is difficult to determine at this time whether it is likely that plaintiff will succeed on the merits. Without some evidence that he is likely to succeed at trial, plaintiff fails to satisfy *Wilborn*'s first factor.

**2.  Ability to Articulate Claims *Pro Se***

Furthermore, the Court finds that plaintiff has not made a showing of his inability to articulate his claims *pro se* in light of the complexity of the issues involved. This court understands plaintiff's claims and the relief he seeks. He has not shown this court that the legal issues involved in his case are too complex for him to handle. Although he claims that he cannot overcome "continual problems of form and procedure," the court has not seen that form and procedure pose

an obstacle to this plaintiff necessitating court-appointed counsel.

For the above reasons, the court hereby DENIES without prejudice plaintiff's request for appointment of counsel at this time.

IT IS SO ORDERED.