[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR APPOINTMENT OF COUNSEL (#125)
In this appeal from a decision of the State Board of Education, the plaintiff Lorraine Tirella has moved for the appointment of counsel to represent the interests of the plaintiff minor children. This motion suffers from several deficiencies.
First, Tirella fails to cite to the court any authority which would give the court the discretion to act on this motion. Generally speaking, there is no right to appointed counsel in civil cases. There is no statutory authority of which the court is aware that permits it to appoint counsel in this case which is an appeal from a decision of an administrative agency. As a matter of constitutional law, the United States Supreme Court has determined that there is a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." Lassiter v.Department of Social Services, 452 U.S. 18, 26-27 (1981). While there may be instances where there is an equivalently significant due process deprivation, such as a termination of parental rights, that might suffice to overcome the presumption against appointed counsel in civil cases, the due process interest in those cases is usually assessed on a case by case basis to determine if the factors set forth in Mathews v. Eldridge,424 U.S. 319, 335 (1976),[1] will overcome the presumption. Id., 452 CT Page 14878 U.S. 31-32. But see Lavertue v. Niman, 196 Conn. 403, 408-13 (1985) (applying Eldridge factors in concluding there is a constitutional right to appointment of counsel for any indigent putative father in paternity cases without the necessity for a case by case assessment).
Furthermore, no court has held that the due process right of "meaningful access" to the courts includes within it a requirement that indigents be supplied with appointed counsel in civil cases. See Hodgev. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). In addressing whether the "open court" requirement of article first, § 10 of the Connecticut Constitution authorized an award of attorney's fees and costs for a class of indigent women who had successfully challenged the legality of a regulation restricting the funding of abortion, the Connecticut Supreme Court stated: "Although article first, § 10 prohibits the state from placing obstacles in the path of the plaintiffs' quest to gain access to our courts, the state has no affirmative obligation to remove obstacles that it did not create. The financial circumstances of these plaintiffs, which are the root cause of their inability to pay for the services of counsel, have not been produced by any action of the state. While it is unfortunate that the plaintiffs cannot afford to pay their attorneys, it is a problem caused by their indigency and not by anything that the state has done to prevent their access to the courts." (Internal citations omitted; internal quotation marks omitted.) Doe v. State, 216 Conn. 85, 104 (1990). The same reasoning would logically apply to the issue of appointment of counsel.
Additionally, there is no evidence of indigency before the court other than Tirella's statement in her motion that she is unable to afford an attorney to represent the interests of the minor children. An affidavit of indigency or an investigation of indigency is a requisite condition for the appointment of counsel. See e.g., General Statutes §§ 51-296,51-297 (regarding appointment of counsel for indigent defendants in criminal cases, habeas corpus proceedings arising from criminal matters, extradition proceedings and delinquency matters); General Statutes §46b-160 (e)(3) (application for appointment of counsel in paternity case must include a financial affidavit). Moreover, a finding of indigency alone would not necessarily require the appointment of counsel. For example, in the federal courts, where the in forma pauperis statute,28 U.S.C. § 1915 (d). gives the trial court discretion to appoint counsel,[2] an indigent litigant must show, among other things, that she has made a reasonably diligent effort to obtain counsel and has been unable to do so, see Jenkins v. Chemical Bank, 721 F.2d 876, 880 (2d Cir. 1983). and that she is unable to adequately present the case, seeNelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). as conditions for consideration of appointment. CT Page 14879
Finally, this may be a case in which Tirella would be able to recover attorneys' fees as costs if she prevails. The claim made on behalf of the minor children is that the decision of hearing officer of the State Board of Education deprived them of their right to a free and appropriate public education under the Individuals with Disabilities Education Act(IDEA), 20 U.S.C. § 1400 et seq. . Section 1415(i)(3)(B) of the IDEA provides for an award of reasonable attorneys' fees to the parents of a child with a disability who is the prevailing party. Under these circumstances, an attorney may be willing to take on this case with the hope of prevailing or there may be an attorney willing to provide services to minor children pro bono. See Rules of Professional Conduct § 6.1.
Accordingly, the motion for appointment of counsel for the minor children is denied.
LINDA K. LAGER, JUDGE